IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Timothy Green, # 113830,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SCDC;<br>Lt. Franklin Richardson, Jr.;<br>Nurses and Medical Unit Lee<br>Correctional Institution;<br>Nurse Pratt;<br>Nurse Practitioner Rabon;<br>Nurse Franklin;<br>Nurse Moody;<br>Nurse Karen Cooper;<br>Ofc. Thompson, *SMU*;<br>Sgt. Price;<br>Ofc. Cain;<br>Lt. Jenkins;<br>Ofc. Farmer;<br>Ofc. Mickens;<br>Demayrie, *Sgt. SMU*;<br>Nurse Jones;<br>Medical Management Company,<br>*Whom agency is contracted*<br>*with SCDC*;<br>Head Doctor, *at Headquarters and Staff*,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 6:14-2595-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In the complaint (doc. 1), the plaintiff alleges excessive force and deliberate indifference to serious medical needs. In a separately-filed order, the undersigned is authorizing service of process upon all but two of the defendants.

　　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C.

§ 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The SCDC is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

The "Nurses and Medical Unit Lee Correctional Institution" is not a defendant suable pursuant to 42 U.S.C. § 1983. *See Brownlee v. Williams*, Civil Action No. 2:07-0078-DCN-RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) ("Additionally, use of the term 'staff' or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. Therefore, Medical Dept. Staff Nurses is not a proper defendant under section 1983 and the complaint against this defendant should be dismissed.")(citation omitted).

Based on the foregoing, it is, therefore, recommended that the district court summarily dismiss the SCDC and the "Nurses and Medical Unit Lee Correctional Institution" *without prejudice* and without service of process. The plaintiff's attention is directed to the important Notice on the next page.

August 11, 2014                                             s/ Kevin F. McDonald
Greenville, South Carolina                                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).