

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TIMOTHY GREEN, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:14-2595-MGL-KFM |
| § | |
| SCDC; § | |
| LT. FRANKLIN RICHARDSON, JR.; § | |
| NURSES AND MEDICAL UNIT LEE § | |
| CORRECTIONAL INSTITUTION; § | |
| NURSE PRATT; § | |
| NURSE PRACTITIONER RABON; § | |
| NURSE FRANKLIN; § | |
| NURSE MOODY; § | |
| NURSE KAREN COOPER; § | |
| OFC. THOMPSON, *SMU*; § | |
| SGT. PRICE; § | |
| OFC. CAIN; § | |
| LT. JENKINS; § | |
| OFC. FARMER; § | |
| OFC. MICKENS; § | |
| DEMAYRIE, *SGT. SMU*; § | |
| NURSE JONES; § | |
| MEDICAL MANAGEMENT COMPANY, § | |
| *Whom agency is contracted* § | |
| *with SCDC*; § | |
| HEAD DOCTOR, *at Headquarters and Staff*, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING DEFENDANTS SCDC
AND NURSES AND MEDICAL UNIT LEE CORRECTIONAL INSTITUTION
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants SCDC and Nurses and Medical Unit Lee Correctional Institution be dismissed from this suit without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 11, 2014, and the Clerk of Court entered Plaintiff's objections on August 28, 2014. Because Plaintiff's objections were unsigned, the Clerk mailed a Deficiency Memo and the last page of Plaintiff's objections to him on August 28, 2014, with the following directions: "The last page of the objections is being returned to you for your signature and must be returned to the Clerk within 10 days, being September 10, 2014." Deficiency Memo. As of the date of this Order, however, Plaintiff has not complied with the Clerk's request. Nevertheless, the Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is a state prisoner, who, at the time this action was filed, was incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). He is presently imprisoned, however, at the Broad River Correctional Institution of the SCDC. Plaintiff brings

excessive force and deliberate indifference to serious medical needs claims in this § 1983 action. He seeks both monetary and injunctive relief.

As already noted, the Magistrate Judge suggests that Defendants SCDC and Nurses and Medical Unit Lee Correctional Institution be dismissed from the action. Concerning SCDC, the Magistrate Judge states that "[t]he SCDC is immune from suit under the Eleventh Amendment, which divests this [C]ourt of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department." Report 2. The Court agrees and notes that Plaintiff does not object. As an arm of the state, SCDC is entitled to sovereign immunity and cannot constitute a "person" under § 1983. *See* Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989). Thus, the Court will dismiss SCDC from this action.

The Magistrate Judge states that Defendant Nurses and Medical Unit Lee Correctional Institution should also be dismissed from this action because it "is not a defendant suable pursuant to 42 U.S.C. § 1983." Report 2. He is correct. Simply put, using a name such as "Nurses and Medical Unit Lee Correctional Institution" to name an alleged defendant, without naming the specific defendant or defendants, is insufficient to state a claim against a person, as is required in a § 1983 action.

Plaintiff, however, objects to the dismissal of Defendant Nurses and Medical Unit Lee Correctional Institution. In essence, Plaintiff complains that he had hoped that the Court would assist him in obtaining the information that he needed regarding the specific names of the defendants and that he is hampered in his efforts by a multitude of health problems.

Although the Court is unable to directly assist Plaintiff in finding the specific name or names of the alleged defendant(s), the Court will entertain a timely motion to amend Plaintiff's complaint if and when Plaintiff provides information sufficient to identify the specific defendant or defendants who comprise Defendant Nurses and Medical Unit Lee Correctional Institution. This information

3

does not have to be the proper name of the intended defendant or defendants if the Plaintiff can provide other identifying information such as the shift the person works, his/her physical description, the date on which the alleged incident occurred–anything that gives the Marshals enough information to conduct further investigation into the identity of the intended specific defendant.

Therefore, if Plaintiff intends to sue Defendant Nurses and Medical Unit Lee Correctional Institution, he should provide as much identifying information about each of them as possible on the Form USM-285s and should prepare and submit the identifying form and a similar summons to the Clerk of Court as soon as possible–even if the full proper names are not known. Forms with sufficient identifying information about an intended defendant may be issued under the "John Doe" or "Jane Doe" name through a subsequent order by the Court. The Marshals may then attempt to use that identifying information to serve them. But, the United States Marshal cannot serve an inadequately identified defendant, and un-served defendants may be dismissed as parties to a case. Fed. R. Civ. P. 4(m).

In Plaintiff's objections he also states, verbatim: "Plaintiff prayers that this honorable court would assign a to his case because of his delicate and serious situation with his health." Objections 2-3. Although not altogether clear, it appears that Plaintiff is requesting that the Court appoint counsel for him. Although plaintiffs in § 1983 actions do not have a right to court appointed counsel, *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975), the Court has discretionary authority to appoint counsel "in exceptional cases," *Cook v. Bounds*, 518 F.2d 779 (4th Cir.1975). But, because Plaintiff's complaint does not present unusual circumstances to justify the appointment of counsel, nor will Plaintiff be denied due process if an attorney is not appointed, to the extent that Plaintiff asks for appointment of counsel, his request will be denied.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of this Court that Defendants SCDC and Nurses and Medical Unit Lee Correctional Institution are **DISMISSED** from Plaintiff's complaint without prejudice and without issuance and service of process. Moreover, Plaintiff's request for the appointment of counsel is **DENIED**.

    **IT IS SO ORDERED**.

Signed this 8th day of October, 2014, in Spartanburg, South Carolina.

                                         s/ Mary G. Lewis
                                         MARY G. LEWIS
                                         UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.