IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Green, | ) | Civil Action No. 6:14-2595-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Franklin Richardson, Jr., *et al.*, | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

Plaintiff Timothy Green, ("Plaintiff"), an inmate proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling.

On July 6, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 92), recommending that this Court grant Defendants' Motion for Summary Judgment, (ECF No. 55), on grounds of *res judicata* and/or collateral estoppel. Plaintiff filed an Objection to the Report on July 20, 2015. (ECF No. 94). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's Objection. The Court has undertaken this *de novo* review, even though Plaintiff's Objection, titled "Opposition to Report and Recommendation," (ECF No. 94), consists almost entirely of restatements of arguments already advanced in prior filings coupled with inapposite legal citations and efforts to present alternate factual scenarios not supported in the record. No where in Plaintiff's 16-page filing does he meaningfully counter the core legal conclusion of the Magistrate Judge's analysis, namely, the determination that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. Instead, Plaintiff offers only passing, ill-reasoned denials of the operation of these doctrines in this case. See, e.g., ECF No. 94 at p. 14 ("Plaintiff does not have the same defendants, nor the same subject matter as the prior litigation and *there was not a prior adjudication of the issues because the magistrate judge can only make a report and recommendation.*") (emphasis added).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 92), overruling Plaintiff's Objection. (ECF No. 94). Defendants' Motion for Summary Judgment, (ECF No. 55), is thereby **GRANTED**, and Plaintiff's Motion to Take Deposition, (ECF No. 63), is terminated as **MOOT**.

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

July 21, 2015
Columbia, South Carolina